### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

ELLIOTT CURRY,

                            Petitioner,

          v.                         CASE NO. 07-3129-RDR

STATE OF KANSAS,

                            Respondent.


### O R D E R

Petitioner, a prisoner confined in the Sedgwick County Jail in Wichita, Kansas, proceeds pro se on a petition for writ of habeas corpus under 28 U.S.C. § 2241.  The court has examined the record which contains petitioner's motion for leave to proceed in forma pauperis and supporting affidavit, and grants petitioner's motion.

In his application for habeas relief, petitioner contends his confinement in the Sedgwick County jail pursuant to a detainer for untried charges in Sedgwick County case 2006-CR-813 is unlawful because the trial has not commenced within 180 days.  Petitioner states that more than nine months has elapsed since he was incarcerated in a state correctional facility in Norton, Kansas (NCF), and served his demand for disposition of the pending Sedgwick County charges.  For this alleged error, he seeks dismissal of the outstanding criminal charges.

Petitioner essentially seeks habeas corpus relief based on the alleged denial of speedy trial.  Having reviewed the record, the court finds this claim is subject to being summarily dismissed for the following reasons.

*Exhaustion of State Court Remedies*

Significantly, petitioner has not yet exhausted state court remedies on such a claim, and demonstrates no persuasive reason to excuse this requirement for obtaining habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances."). *See generally* <u>Wilson v. Jones</u>, 430 F.3d 1113, 1117 (10th Cir. 2005)(absent a demonstration of futility, a habeas petitioner seeking relief under 28 U.S.C. § 2241 is required to first exhaust available state remedies).

*Constitutional Right to Speedy Trial*

Also, petitioner's allegations provide fail to demonstrate that he is being denied his constitutional right to a speedy trial.

The Sixth Amendment right to a speedy trial applies to the states through the Due Process Clause of the Fourteenth Amendment. <u>Klopfer v. N.C.</u>, 386 U.S. 213, 222-23 (1967). However, "to trigger a speedy trial analysis, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from 'presumptively prejudicial' delay, since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness." <u>Doggett v. U.S.</u>, 505 U.S. 647, 651-52 (1992) (*quoting* <u>Barker v. Wingo</u>, 407 U.S. 514, 530-31 (1972)).

Courts generally recognize that a delay in excess of one year is presumptively prejudicial. <u>Doggett</u>, 505 U.S. at 652.

Accordingly, the alleged delay in the prosecution of petitioner's Sedgwick County criminal charges would be insufficient to trigger further examination of a Sixth Amendment violation. *See* <u>U.S. v. Lugo</u>, 170 F.3d 996, 1002 (10th Cir. 1999)(seven month delay not presumptively prejudicial).

*Statutory right to Speedy Trial*

Nor does it appear that petitioner's statutory right to a speedy trial is being violated by petitioner's continued confinement in the Sedgwick County facility pursuant to the detainer.

The Interstate Agreement on Detainers Act "IAD" requires a trial to commence within 180 days after the prosecutor's receipt of a prisoner's request for disposition of the pending charges. 18 U.S.C. app. § 2, Art. III(a) (2000). *See* K.S.A. 22-3301 *et seq.* (Interstate Agreement on Detainers Act as adopted by Kansas). The IAD, however, applies to a detainer filed on charges pending in a different jurisdiction. The plain face of petitioner's pleading reveals no pending or adjudicated charges filed against petitioner outside the State of Kansas, thus the provisions in IAD do not apply.

Instead, the Sedgwick County detainer is subject to the Uniform Mandatory Disposition of Detainers Act, codified at K.S.A. 22-4301 *et seq.* While a similar 180 days is provided to bring a prisoner to trial, K.S.A. 22-4303, it is clear on the face of the petition that the delay cited by petitioner in obtaining a trial date results in part from motions filed by him or on his behalf. These do not count. *See* <u>State v. Prewett</u>, 246 Kan. 39 (1990)(delays resulting from the application or fault of the defendant are not to be counted in computing the time period for speedy trial purposes).

Nonetheless, it is recognized in this circuit that rights created by the uniform detainer acts are statutory rather than fundamental, constitutional, or jurisdictional. *See* Greathouse v. United States, 655 F.2d 1032, 1034 (10th Cir. 1981)(per curiam), *cert. denied*, 455 U.S. 926 (1982). Absent a showing by petitioner of special circumstances causing prejudice attributable to the delay, the alleged violation of his statutory right to a speedy trial is not a basis for habeas corpus relief. Id.

Accordingly, for these reasons the court directs petitioner to show cause why the petition should not be dismissed without prejudice. The failure to file a timely response may result in the petition being dismissed without further prior notice to petitioner.

*Pending Motions*

Petitioner seeks a stay and abeyance, presumably of his pending criminal action in Sedgwick County District Court, and seeks injunctive relief in the form of a court order for his immediate return to NCF. Petitioner claims he is subjected to shakedowns of his cell during which Sedgwick staff read his legal mail. He further claims he was held in lockdown status for 48 hours instead of the 24 hour lockdown given to other prisoners for similar behavior. Petitioner also broadly contends the court, prosecutor and defense counsel are denying him a speedy disposition of the Sedgwick County charges.

Petitioner's allegations of error in the conditions of his confinement pursuant to the Sedgwick County detainer provide no persuasive reason for this court's intervention in that state court proceeding, *see* Younger v. Harris, 401 U.S. 37 (1971)(narrowly proscribing federal injunctions and declaratory relief that

4

interfere with on-going state criminal proceedings), or for the injunctive relief sought by petitioner.  These pending motions are denied.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 3) is granted.

IT IS FURTHER ORDERED that petitioner's motion for a stay and abeyance (Doc. 6) and motion for a court order (Doc. 5) are denied.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to show cause why the petition should not be dismissed without prejudice.

DATED:  This 16th day of July 2007, at Topeka, Kansas.


 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge