IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**ELLIOTT CURRY,**

                       Petitioner,

        v.                                      CASE NO. 07-3129-RDR

**STATE OF KANSAS,**

                       Respondent.


### O R D E R

    Petitioner, a prisoner confined in the Sedgwick County Jail in Wichita, Kansas, proceeds pro se and in forma pauperis on a petition for writ of habeas corpus under 28 U.S.C. § 2241.

    Petitioner contends his confinement in the Sedgwick County jail pursuant to a detainer for untried charges in Sedgwick County case(s) 2005-CR-3024 and/or 2006-CR-813 is unlawful because trial on these charges has not commenced within 180 days. Alleging his right to a speedy trial is being violated, petitioner seeks dismissal of these outstanding criminal charges.

    By an order dated July 16, 2007, the court the court directed petitioner to show cause why the petition should not be dismissed without prejudice because petitioner has not yet exhausted state court remedies, nor demonstrated any special circumstances causing prejudice attributable to the alleged delay in the state court proceedings.

    Petitioner thereafter submitted pleadings seeking a court order for his transfer to another county jail, alleging constitutional violations in the conditions of his confinement in the Sedgwick

facility, and complaining about his court appointed attorney. Having reviewed the record, the court concludes the petition should be dismissed.

To the extent petitioner argues the state district court erred in denying petitioner's motion to dismiss the charges based on the alleged violation of petitioner's right to a speedy trial, or alleges he is being denied his constitutional right to effective counsel, the court finds petitioner should first exhaust state court remedies by raising these issues to the state district and appellate courts.  To the extent petitioner complains of problems and hardships related to the conditions of his current confinement, the court remains convinced that habeas corpus is not an appropriate federal remedy to address these concerns.  Plaintiff's request for a court order to effect his transfer to a different correctional facility is denied.

IT IS THEREFORE ORDERED that the petition for writ of habeas corpus under 28 U.S.C. § 2241 is dismissed without prejudice.

DATED:  This 8th day of August 2007, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge